**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv40**

| | |
|---|---|
| DONNA WILLIAMS PIERCY, )<br>Executrix of the Estate of )<br>Peggy Stroud Williams, )<br> )<br>Plaintiff, )<br> )<br>Vs. )<br> )<br>WITTEN LUMBER COMPANY, INC; )<br>WITTEN SUPPLY COMPANY, INC.; )<br>WITTEN LUMBER COMPANY, INC.; )<br>DEFINED BENEFIT PENSION PLAN )<br>& TRUST; and ALVIN E. WITTEN, )<br> )<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on James Houpt's letter of February 5, 2007. The court has instructed that such letter be made part of the official record. In such letter, Mr. Houpt, as Executive Vice President of National Retirement Services, Inc., informs the court that plaintiff's attorney "misunderstood NRS's role when he sent NRS the Summons." Letter, at 1. He further advises that in serving NRS, the Summons and Complaint "does not reach the entity described by plaintiff's counsel." Id.

At this point, the court must advise Mr. Houpt that correspondence to the court concerning a pending case involving his corporation, or purportedly mis-involving his corporation, needs to be through counsel. In North Carolina, a corporation can only appear in court through an attorney. A corporation is an artificial entity that

cannot be represented by a person who is not an attorney, even a corporate officer, but instead must appear with counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.1985), *cert. denied*, 474 U.S. 1058 (1986).

> In North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*, with three exceptions: (1) an employee of a corporate entity may prepare legal documents; (2) a corporation may appear *pro se* in small claims court; and (3) a corporation may make an appearance through a corporate officer in order to avoid default."

In re Schwarz & Schwarz, Inc., 163 N.C.App. 358, 2004 WL 503662, *3 (2004).

Mr. Houpt is further advised that plaintiff caused to be issued five summonses in this matter to what may or may not be officers or agents of the various Witten defendants or the Plan. It is up to the plaintiff to properly name and serve the correct defendant, and it is up to the named defendant, through its counsel, to move to dismiss the lawsuit for whatever reason they see fit.

Mr. Houpt is advised that while his company is not a named party in this litigation, he may wish to raise his concerns with being served in this litigation with his corporation's counsel.

Signed: February 6, 2007

Dennis L. Howell
United States Magistrate Judge